## Com. *v.* East Bangor Consolidated Slate Co., Appellant.

*Taxation—Manufacturing corporation—Mining company—Act of* 1889.

A corporation organized for the purpose of "mining, quarrying, manufacturing and selling slate and slate products," which invests a portion of its capital in mining slate for its own use from its own land, is subject to taxation on such portion of its capital so invested; but on the remainder of its capital it is exempt, under the act of June 1, 1889, P. L. 431.

Argued May 28, 1894. Appeal, No. 34, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., June T., 1892,

No. 407, for plaintiff, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from tax settlement.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment.

*M. E. Olmsted* and *G. M. Shipman*, for appellant.

*J. A. Stranahan*, deputy attorney general, *W. U. Hensel*, attorney general, with him, for appellee.

OPINION BY MR. JUSTICE FELL, July 11, 1894:

The corporation defendant was chartered in 1882 for the purpose of " mining, quarrying, manufacturing and selling slate and slate products." Its capital stock is $262,500, of which $222,500 is invested in land underlaid with slate, from which its supply is taken; and the balance of $40,000 is invested in buildings and machinery used in the preparation of the slate for market.

The case was tried by the court without a jury, and the findings of fact relating to the business of the company are :

" The business done by it is of the following kind : It takes large blocks of slate out of its own land by quarrying, splits up the block into pieces of different thickness, trims and dresses some of these pieces to any size and shape desired for use in roofing, and planes, rubs, and fashions others into doorsteps, platforms, mantels, coffins, curbing and a variety of other articles.

" The defendant is actually carrying on manufacturing within the state, and does not market any of its products except in a manufactured state, but is not a corporation organized exclusively for manufacturing purposes."

The learned judge found as a conclusion of law " That the defendant is not exempt from taxation upon its capital stock by the last proviso to sec. 21 of the Act of 1889, but is liable to a tax as charged in the settlement," and entered judgment for the amount of the assessment upon its whole capital stock.

Two questions are raised by this appeal, both of which have been so recently decided in cases which control this that their discussion is now unnecessary. The first is whether the defendant is exempt from taxation on the ground that it is exclusively a manufacturing company, and the second whether it is exempt as to that part of its capital invested in manufacturing.

In the opinion in Commonwealth v. Juniata Coke Co., 157 Pa. 507, WILLIAMS, J., said: "The fact that a manufacturing corporation organized under the Act of 1874 employs a portion of its capital for other than strictly manufacturing purposes, so as to supply itself with raw material of manufacture, does not strip it of its character as a manufacturing company, but for such portion of its capital so invested it is not entitled to exemption from taxation.

"A corporation organized under the act of April 29, 1874, P. L. 73, for the purpose of 'carrying on the business of mining coal and the manufacture of coke therefrom,' which invests a portion of its capital in mining coal to supply its coke ovens, is liable to taxation on such portion of its capital so invested; but on the remainder of its capital it is exempt under the act of June 1, 1889, P. L. 431."

The decision in Commonwealth v. Savage Fire Brick Co., 157 Pa. 512, is to the same effect, and the facts in that case are so closely similar to these that no distinction can be made in the application of the principle announced. The brick company was engaged in mining clay and manufacturing it into brick, tiles and other articles. It was held that the company was exempt from taxation as to the portion of its capital invested in its manufacturing business, and liable as to the balance.

The learned judge was clearly right in holding that the defendant was liable to taxation. The judgment was however entered before the cases cited were decided, and no apportionment of the tax was made. As the defendant was entitled to exemption for that part of its capital employed in manufacturing, the judgment is now reversed in order that the proper allowance may be made.