# Commonwealth, Appellant, *v.* Sunbeam Water Co.

*Taxation—Exemption—Strict construction of statute—Manu-facturing corporations—Distilling water—Capital stock tax—Act of July 22, 1913, P. L. 903.*

1. Where a taxpayer or his property is within the general language of a statute imposing a tax, all exempting provisions are to be strictly construed against the claim for exemption.

2. A corporation producing distilled water for sale is not a manufacturing corporation and is not exempt from the payment of capital stock taxes under the terms of the Act of July 22, 1913, P. L. 903.

Argued May 25, 1925. Appeal, No. 13, May T., 1925, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1924, No. 9, for defendant on case tried by the court without a jury, in suit of Commonwealth v. Sunbeam Water Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from tax settlement.

Case tried by court without jury. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Commonwealth appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John Robert Jones,* Special Attorney for Commonwealth, with him *George W. Woodruff,* Attorney General.—The application of labor to the article either by hand or mechanism does not make the product necessarily a manufactured one: Com. v. Quarry Co., 250 Pa. 589; Com. v. Mfg. Co., 265 Pa. 381; Hartranft v. Wiegmann, 121 U. S. 609; Com. v. Plumbing & Heating Co., 23 Dauphin Co. R. 296; Com. v. Lowry-Rodgers Co.,

279 Pa. 361; Pittsburgh Brewers Co. & Bottlers Co. Mercantile Tax, 38 Pa. Superior Ct. 121; Com. v. Beef Co., 245 Pa. 605.

*John W. Jacobs,* for appellee.—Distilling water is manufacturing: Com. v. Water Co., 48 Pa. Superior Ct. 561.

The producing of a distilled water to be sold commercially is manufacturing: Com. v. Atlantic Refining Co., 7 Dauphin Co. R. 189.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

Is a corporation producing distilled water a manufacturing corporation and therefore exempt from the payment of capital stock taxes under the terms of the Act of July 22, 1913, P. L. 903? The court below decided in favor of the exemption. The Commonwealth appeals.

We think no good purpose would be served by a review of all the cases in which the determination has been that certain corporations were or were not manufacturing corporations and liable or not liable for the payment of a capital stock tax. As was said by Mr. Justice SADLER, then in the common pleas and specially presiding in Dauphin County, in Com. v. J. Frank Boyer Plumbing & Heating Co., 23 Dauphin Co. R. 296, 297: "The words of the statute [manufacture] are indeed so familiar in use and meaning that they are confused by attempts at definition. Their first sense as used is fabrication or composition,—a new article is produced of which the imported material constitutes an ingredient or part. When we go further than this in explanation we are involved in refinements and in impracticable niceties."

Distilled water is the result of subjecting ordinary water to heat, converting it into steam and recondensing it into water. The distilled water produced by the defendant is subjected to certain additional refinements in cleansing it of impurities, but in its main essentials

the process is the boiling of it to the point where it becomes steam and cooling it back to water. We fail to see how this process can any more be said to be manufacturing than the roasting of coffee could be held so to be, and in Com. v. Lowry-Rodgers Co., 279 Pa. 361, we determined that coffee-roasting was not manufacturing. While it is true that case was one involving the application of the mercantile license tax law, nevertheless the point for determination was whether the process in question was manufacturing. It was there urged, as it is here, that the chemical changes brought about constituted manufacturing. Mr. Justice SIMPSON, speaking for the court, after reviewing certain prior decisions, said (p. 367) : "In each of these cases the change in 'form and condition' was entirely physical, and appellant seeks, therefore, to distinguish them from the instant case, because in roasting coffee there is also a chemical change. If this supposed distinction furnished the test, then frying eggs, baking potatoes, stewing tomatoes, etc., etc., would be manufacturing, for the application of heat to them requires skill, and effects a chemical change also; this is probably as much so in the first of these instances as is the case of roasting coffee. In each and all of these matters, 'in the popular, and therefore in the statutory, sense of the word,' it is probable that few, if any, people would say that the process of cooking is in fact manufacturing." In Com. v. John T. Dyer Co., 250 Pa. 589, it was held that a corporation organized for the purpose of quarrying, crushing and preparing and marketing stone, and which did nothing to the stone except break it into pieces and sort it by means of screens, is not engaged in manufacturing within the meaning of the capital stock tax act. In that case we affirmed the judgment on the opinion of the court below, in which cases covering the definition of manufacturing were reviewed, among others, Hartranft v. Wiegmann, 121 U. S. 609, in which it was said : "Washing and scouring wool does not make the

resulting wool a manufacture of wool. Cleaning and ginning cotton does not make the resulting cotton a manufacture of cotton." We think it can be observed with equal correctness that the boiling and consequent cleaning of water does not make the resulting water a manufacture thereof. It would hardly be contended that if water were put through a sand or charcoal filter for the purpose of cleansing it of impurities that this would constitute manufacture of the cleansed water and we fail to see in essentials how the process used by defendant is different. The court below seems to have relied very largely, in coming to its conclusion that the defendant is not required to pay a capital stock tax, upon the case of Com. v. Williamson, 48 Pa. Superior Ct. 561, in which it was held that a person who takes ordinary city water and subjects it to processes which involve the use of a large and expensive plant to convert it into steam so as to eliminate all impurities and vegetable gases and then reconverts the steam into water and bottles and sells it from the plant without the intervention of any store or warehouse apart from the plant is not liable to a mercantile license tax as a vender or dealer. We think that case has no controlling effect on the one at bar, involving, as it does, the construction of particular language of the mercantile license tax act as to whether the defendant was a "dealer," and a consideration of the method employed by him in selling and marketing the water.

Admittedly, defendant is subject to the capital stock tax unless it is engaged in manufacturing. If it is to be exempted from the payment of the tax, it must clearly bring itself within the exemption provided in the act: Academy of Fine Arts v. Phila. Co., 22 Pa. 496. "Language which relieves from taxation is to be strictly construed": Com. v. Lackawanna I. & C. Co., 129 Pa. 346, 356. "Where the taxpayer or his property is within the general language of the statute imposing the tax, all exempting provisions are to be strictly construed against

the claim for exemption": Callery's App., 272 Pa. 255, 272. The learned president judge of the court below in his opinion said, "The natural reaction of the mind is that it is not manufacturing to take the impurities out of water." He should have allowed this natural reaction of his mind to come into play in entering the judgment. He fell into error in not doing so.

The judgment of the court below is reversed and it is directed that judgment shall be entered in favor of the Commonwealth for the amount due.