## Commonwealth *v.* Glendora Products Co., Appellant.

306

Argued May 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*George Ross Hull*, of *Snyder, Miller & Hull*, for appellant.

*Philip S. Moyer*, Deputy Attorney General, with him *Cyrus E. Woods*, Attorney General, for appellee.

PER CURIAM, July 1, 1929:

This is an appeal by defendant company, incorporated for the purpose "of the manufacturing of roasted coffee, ground spices and other food products, and the packing and canning of coffee, tea, spices, grains, fruits, vegetables and other food products, and the buying and selling of such food products," from an account for capital stock tax for the year 1923, settled against it by the auditor general and approved by the state treasurer. Appellant's contention,—embodying the single proposition for decision by this court, and by which appellant

seeks to bring itself within an exception relieving certain corporations from the tax in question,—is that the making of roasted coffee constitutes "manufacturing" within the meaning of that term as used in section 21 of the Act of June 1, 1889, P. L. 420, 431, amended by the Act of July 22, 1913, P. L. 903, 905, exempting from tax "the capital stock of corporations......, organized for......manufacturing purposes, which is invested in and actually and exclusively employed in carrying on ......manufacturing within the state."

In Com. v. Lowry-Rodgers Co., 279 Pa. 361, we held that a corporation engaged in roasting coffee was not engaged in "manufacturing" so as to bring it within the manufacturing exemption provided for in the mercantile tax acts; and we are not now impressed with appellant's argument that the term "manufacturing," as it is used in the capital stock tax acts, should receive a different interpretation, or with the contention that the proofs and the facts in the case at bar are so unlike those in the Lowry Case as materially to distinguish one from the other. The point as to the alleged difference between the mercantile tax law and the capital stock act affecting a case of this kind, is sufficiently covered by a passage from our opinion in Com. v. Sunbeam Water Co., 284 Pa. 180, 182, a capital stock case, where it is said: "We fail to see how [distilling water] can any more be said to be manufacturing than the roasting of coffee could be held so to be, and in Com. v. Lowry-Rodgers Co., 279 Pa. 361, we determined that coffee-roasting was not manufacturing. While it is true that case was one involving the application of the mercantile license tax law, nevertheless, the point for determination was whether the process in question was manufacturing."

The judgment is affirmed.