From Albert Strite, Chambersburg, Pa.

## Commonwealth v. Bornot, Inc.

*John R. Scholl,* for appellant.

*Philip S. Moyer,* deputy attorney general, for appellee.

HARGEST, P. J., January 23, 1931.—This case arises upon an appeal from a resettlement made by the Secretary of Revenue and approved by the Auditor General November 6, 1929, amounting to $2089.71. By a stipulation filed, the facts have been agreed upon and trial by jury dispensed with, pursuant to the Act of April 22, 1874, P. L. 109. Only such facts as are necessary to an understanding of the discussion are stated herein.

The question involved is whether the defendant is a laundry company and, therefore, exempt from taxation under section twenty-one of the Act of June 1, 1889, P. L. 420, as amended by the Act of July 22, 1913, P. L. 903, and the Act of May 4, 1927, P. L. 742.

### Facts.

The defendant, a corporation of the State of Delaware, was chartered to do, among other things, "cleaning and dyeing by every means of materials of

every kind." During the tax year of 1928 in question it maintained a plant in the City of Philadelphia and was engaged in the business generally known as "dry cleaners and dyers" and duly licensed to carry on such business in accordance with the provisions of the Act of May 7, 1923, P. L. 151. It was engaged principally in the cleaning of wearing apparel, but a substantial part of the business consisted of the cleaning of carpets, rugs, draperies, curtains and upholsteries. It was also engaged in dyeing such household furnishings and wearing apparel. It maintained a storage room for storing furs, coats and other wearing apparel.

In its plant it had modern machinery for washing, drying, pressing and ironing of the materials which required such treatment and for extracting the dirt and dust from carpets and rugs. During the tax year the value of the tangible property employed in Pennsylvania in the cleaning process as applied to felts, velvets, fabrics, textiles, men's and women's apparel, leathers, etc., where the application of water would shrink, spot or otherwise be harmful, amounted to $352,963. The amount of such tangible property actually employed in cleaning of fabrics attached to furniture or automobile bodies where it was not practical to place the same in a washer, was $3000. Some fabrics are not adapted to cleaning in the washer with the use of gasoline; they must be cleaned by hand with plain soap and water. Some fabrics are cleaned in the washer with ordinary soap and water. These fabrics are dried in the drying cabinets and then ironed either by hand or by the use of press machines. The capital invested in this equipment was $130,000. The investment in the hat cleaning department was $20,000. The investment for cleaning blankets where ordinary soap and water are used and the blankets are dried, carded and ironed, was $22,300. The investment in machinery used in cleaning carpets and rugs was $50,000.

The defendant does not advertise nor hold itself out as a laundry, nor receive men's collars, handkerchiefs, socks, underwear and shirts, except of silk or wool or in certain cases where the same may be stained and it is desired to remove the stains. The same is true of women's apparel. It does not receive what is ordinarily known as "family or hotel wash," which requires regular weekly washing with soap and water, or washing and ironing.

In the case of a laundry, the wearing apparel or household linens are placed in washers similar to those used by the defendant and washed with ordinary soap and water, and then placed in extractors similar to those used by the defendant and in drying tumblers. The washers, however, used by the defendant contain cleansing liquid.

The fraction used by the Department of Revenue to ascertain the amount of tax is conceded to be the correct formula if the Commonwealth's contention is sustained. The defendant contends that all of its tangible property in Pennsylvania is exempt from taxation except the sum of $12,933 which is invested in the storage business. The Commonwealth contends that none of the defendant's tangible property is exempt, and, further, that the accounting officers have erred in that they have allowed exemption to the amount of $45,252, which is employed by the defendant in dyeing in Pennsylvania, on the erroneous ground that dyeing is manufacturing, and that the numerator of the fraction employed to ascertain the amount of the tax should be increased by the sum of $45,252.

### Discussion.

Several questions are raised: (1) whether dyeing is manufacturing and whether we have jurisdiction to determine that question in this case; (2)

whether the defendant is a laundry company and, therefore, exempt from taxation.

1. This court, in Com. v. Quaker City Dye Works (1888), 5 Pa. C. C. 94, and in Com. v. G. Littlewood & Sons, 26 Dist. R. 664, held that a company engaged in the business of dyeing, which includes the cleaning of some materials so as to put them in condition to absorb colors used in the dyeing, is engaged in manufacturing. It may be that in the development of the law such conclusion would now be held to be erroneous. But be that as it may, the record in this case as it is now presented does not properly raise this question. Section 1104 of the Fiscal Code of 1929, P. L. 343, which provides for appeals to this court from settlements made by the fiscal officers is, in part, as follows:

"Appeals taken hereunder shall be hearings de novo, but no facts shall be admitted in evidence that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specification of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have laid such evidence before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided."

The question as to whether dyeing is manufacturing is raised by the Commonwealth and not by the appellant and is not set forth in the specification of objections. We, therefore, have no right to consider this question.

2. Is the defendant a laundry company? The Act of July 22, 1913, P. L. 903, amended section twenty-one of the Act of June 1, 1889, P. L. 420, so as to extend the same exemption to laundering companies which was theretofore given to manufacturing companies. Section twenty-one of this act, as last amended by the Act of May 4, 1927, P. L. 742, provides, in part, as follows:

"That the provisions of this section shall not apply to the taxation of the capital stock of corporations . . . organized for laundering or manufacturing purposes, which is invested in and actually and exclusively employed in, carrying on laundering or manufacturing within the State . . . ; but every laundering or manufacturing corporation . . . shall pay the State tax of five mills herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to its laundering or manufacturing business . . . it being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the laundering or manufacturing plant and business."

An exemption from taxation must be strictly construed: Com. v. Wark Co., 32 Dauph. 286, 288; Com. v. Sunbeam Water Co., 284 Pa. 180, 183. The language of the statute as above quoted emphasizes the strictness to be applied to this exemption. It is given only to that proportion of the capital stock which is "strictly incident or appurtenant to," and "is invested purely in the laundering . . . plant and business." The burden is upon the party claiming the exemption: Com. v. Sunbeam Water Co., supra. In order to meet that burden the defendant in this case must show (a) that it is organized for laundering purposes and (b) that its capital is actually and exclusively employed in carrying on laundering within the state: Com. v. John T. Dyer Quarry Co., 250 Pa. 589, 591. The defendant is organized to conduct "cleaning and dyeing by every means of materials of every kind." The word

"laundering" does not appear in its charter. It is contended, however, by the defendant that it is not so much what the charter says as what the business of the corporation is which determines whether or not the corporation is entitled to exemption. That, however, is too broad a statement. The charter purposes of a corporation might define a business which is in fact manufacturing, although the word "manufacture" is not used in such definition. For instance, a corporation might be created to make steel rails. The business of making steel rails from ore would be manufacturing and the corporation engaged in that business would be a manufacturing corporation, although the word "manufacture" is not used to define its charter purposes. But a corporation chartered to conduct a department store, even though it made candies and some other things incidental to its business, could not bring itself within the manufacturing exemption provided by this act. It is the main purpose and not an ancillary one which determines whether or not a corporation is within the exemption: Com. v. Pottsville Iron & Steel Co., 157 Pa. 500, 505.

In Com. v. Keystone Laundry Co., 5 Dauph. 79, affirmed in 203 Pa. 289, 391, it was held that the defendant, a laundering company, and at the time not exempt from taxation as such, was not exempt on such proportion of its capital as was employed in the manufacture of soap and dyes which it needed in its business because the principal business was laundering and the manufacture of soaps and dyes an employment of capital merely incidental. Its principal business determined its right to exemption.

The business of the defendant is generally known as "dry cleaners and dyers." In Com. v. Barnes Bros. Co., 11 Dist. R. 365, 366, this court was asked to declare so much of the capital stock of a laundry corporation as was engaged in washing fabrics preparing to dye them and in dyeing the same with ingredients manufactured by the company exempt from taxation. It was there said in reference to the case of Com. v. Quaker City Dye Works, 5 Pa. C. C. 94:

"The best that can be said is that the dyeing done was an incident to the principal business, which was laundering. That which is an incident to a business, assuming it to be of a manufacturing character, cannot affect the taxing liability of a company whose principal pursuit does not constitute that company a manufacturing concern. The principal business was washing and ironing, and that is not a manufacturing business within the meaning of the lexicon or the statute."

If manufacturing of soaps and dyes as incidental to the cleaning and bleaching business does not make the corporation a manufacturing one, neither does washing as incidental to dyeing or dry cleaning constitute the corporation as doing a laundry business: Com. v. Keystone Laundry Co., supra.

The evident purpose of the exemption to laundering companies was to touch the home, in the interest of the family, or householders, so as to relieve the "family wash" from taxation and to that extent relieve the people who desire to use that service, many of whom may be of modest means. The same reason would not apply to an exemption to cleaning and dyeing companies. The defendant is not engaged in the character of business known generally as a laundry business. Only a very small part of its total capital is invested even in that kind of washing which is incidental to preparing the fabrics for dyeing. To launder is to wash. A "laundry" is "a room or place where clothes are washed:" New Method Steam Laundry Co. v. Tomlinson, 17 Dist. R. 362. The defendant's plant is in no sense a laundry and to construe it as such

would be applying a very liberal construction to the exemption provided in the statute instead of a strict construction such as the law requires.

### Conclusions of law.

1. This court has no jurisdiction to determine the question whether dyeing is manufacturing, because the question was not raised in the specification of objections accompanying the appeal.

2. The defendant corporation is not a laundering company within the exemption provided by the Act of May 4, 1927, P. L. 742, which last amended section twenty-one of the Act of June 1, 1889, P. L. 420.

3. The Commonwealth is entitled to recover the full amount of the tax settled against the defendant.

| | |
|---|---|
| Amount of tax | $2089.71 |
| Interest from February 4, 1930, being ninety days after date of settlement | 121.10 |
| | $2210.81 |
| Attorney General's commission, 5 per cent | 110.54 |
| Total | $2321.35 |

Now, January 23, 1931, judgment is hereby directed to be entered in favor of the Commonwealth and against Bornot, Inc., for the sum of $2321.35, unless exceptions be filed within the time limited by law.

From Homer L. Kreider, Harrisburg, Pa.