Commonwealth *v.* Paul W. Bounds Company,
Appellant.

Argued May 21, 1934. Before Frazer, C. J., Simpson, Schaffer, Maxey, Drew and Linn, JJ.

*Murray H. Spahr, Jr.,* with him *Snyder, Miller, Hull & Hull,* for appellant.

*Philip S. Moyer,* Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1934:

Is appellant a manufacturing corporation and therefore exempt from the payment of a capital stock tax?

Its charter shows that it was organized for the purpose of "Contracting and carrying on a general business as cut stone contractors in both natural and artificial stone, including erecting, setting, cutting and carving and otherwise fabricating natural and artificial stone, finishing and setting interior marble, and generally doing and performing any and all work as builders and contractors, and with that end in view to solicit, obtain work and perform and carry out contracts covering the building and contracting business and the work connected therewith." If one were asked to state succinctly the kind or organization that this language describes, the answer would be a contracting corporation, not a manufacturing one.

The manufacturing exemption from capital stock tax is embodied in section 21 of the Act of June 1, 1889, P. L. 420, and its supplements, 72 P. S. 1892, which provides: "That the provisions of this section shall not apply to the taxation of the capital stock of corporations......organized......for manufacturing purposes which is invested in and actually and exclusively employed in......manufacturing within the state." Viewing the wording of its charter it cannot be said that appellant was organized as a manufacturing corporation, because no such purpose is stated. In order to exempt corporations from the payment of capital

stock tax it must appear from their charters that they were organized as manufacturing corporations, and this conclusion must be reached, not by implication, but directly from the language used. Of course, if it turns out after organization that what the company actually does is not manufacturing, it cannot claim the exemption; but corporations not explicitly organized as manufacturing corporations will not be heard to claim they are such. It is the main purpose expressed, and not an ancillary one, which determines whether or not a corporation is within the exemption. The Commonwealth ought not to be put in the position of creating a corporation which has no power to manufacture, and to have the contention set up later on without amendment of the charter that the company is a manufacturing concern. Where a corporation is not organized for manufacturing, whether it is doing manufacturing or not, it is not entitled to any manufacturing exemption from capital stock tax: Com. v. Westinghouse Mfg. Co., 151 Pa. 265. Exemption under the statute is to be strictly construed against the corporation claiming it and one which contends that it is within the exempting provisions must show itself clearly so to be: Com. v. Sunbeam Water Co., 284 Pa. 180.

It is argued that the word "fabricating" in the stated purpose of the corporation implies manufacturing and that, therefore, the company is exempt. As before stated, corporate purposes in tax cases are not to be arrived at by implication. They are to be ascertained from direct statement. The word fabricating in the context in which it is used, does not mean manufacturing at all. It means cutting, carving, dressing, shaping and working over stone. It is manifest that the major idea in the organization of appellant was to form a contracting corporation, and we decided in Com. v. Wark Co., 301 Pa. 150, that contracting and the erection of buildings are not manufacturing. Furthermore, we have said that in determining whether a corporation is actually

a manufacturing one, we will reach our conclusion, not by finely drawn distinctions in what it does, but by considering whether, in the popular understanding of language, what it is engaged in is manufacturing: Com. v. Lowry-Rodgers Co., 279 Pa. 361; Com. v. Sunbeam Water Co., 284 Pa. 180; Com. v. Weiland & Co., 292 Pa. 447; Com. v. Wark Co., supra.

Stated generally, what this corporation does is to obtain limestone, bluestone, granite and some marble in the rough. These stones are split with hand tools or sawed by machinery into the desired sizes for shaping, polishing and dressing by machinery or by hand. On some of them, designs and ornaments are worked. When completed, they are set in the exterior or interior walls of buildings. In common speech, this would no more be termed manufacturing than would the cutting and carving of stone by stone masons or the cutting, carving and ornamentation of stones by tombstone makers or the cutting and chipping of bricks to make arches, etc., by bricklayers. Com. v. East Bangor Consolidated Slate Co., 162 Pa. 599, cited by appellant, is readily distinguishable from the case at bar. There no exemption was allowed for the capital of the company invested in the quarrying of slate, but it was allowed exemption for that part invested in buildings and machinery used in the preparation of merchantable slate products, consisting of door steps, platforms, mantles, coffins, curbing and a variety of other articles.

The case was properly decided by the learned president judge of the court below and the judgment is affirmed.