Commonwealth *v.* Peerless Paper Specialty, Inc.,
Appellant.

Argued April 9, 1940; reargued January 26, 1942.
Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN,
PATTERSON and PARKER, JJ.

*Charles A. Rothman,* for appellant.

*E. Russell Shockley,* Deputy Attorney General, with
him *Claude T. Reno,* Attorney General, *John E. Steven-
son,* Special Deputy Attorney General, and *Harry B.
Schultz,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1942:

This is an appeal by Peerless Paper Specialty, Inc.,
appellant, from the judgment of the learned court below

upholding the assessment and imposition of a mercantile license tax against it by the Board of Mercantile Appraisers of Philadelphia County for the year 1937.

The stipulation of facts filed of record by counsel discloses that appellant is "engaged in the business of converting paper to adhesive paper sealing tape and kindred products." It purchases, for use in this process of conversion, large rolls of paper and four different kinds of glue. The different types of glue are carefully mixed and blended and the resulting product is applied to one side of the paper by means of a gumming machine which also dries and rewinds the paper. The rolls of gummed paper are placed on a shearing machine which cuts them into smaller rolls of various sizes. Some are stamped on the non-adhesive side with the name of the purchaser and advertising matter. Special machinery is employed, and special care, skill and labor is required in blending the various glues and in the application of the adhesive substance to the paper in the process described. It is further stipulated that appellant has no store or warehouse apart from its factory and that its product is sold directly to the consumer through the efforts of its salesmen.

The Act of May 2, 1899, P. L. 184, as last amended by the Act of July 10, 1941, P. L. 358, under which the tax was assessed, provides: "Each wholesale vender of or wholesale dealer in goods, wares and merchandise shall pay an annual mercantile license tax . . . Provided, That the provisions of this section shall not apply to the taxation for mercantile license purposes of *(a) manufacturers or mechanics vending goods of their manufacture from their factories or workshops but manufacturers and mechanics shall be required to pay the mercantile license tax upon such portion of their business as is transacted at stores or warehouses apart from their factories or workshops for the purpose of vending their goods . . ."* Section 2 of the amending Act provides that the exemption as to manufacturers shall operate retroactively as well as prospectively. Since it is conceded that appellant

has no warehouse or store apart from its factory for the purpose of vending its goods, the sole question for determination is whether appellant is a manufacturer within the meaning of the exemption provision.

In discussing the meaning of the word "manufacturing", this Court said, in the early case of *Norris Brothers v. The Commonwealth,* 27 Pa. 494, 496: "It is making. To *make* in the mechanical sense does not signify to create out of nothing; for that surpasses all human power. It does not often mean the production of a new article out of materials entirely raw. It generally consists in giving new shapes, new qualities, or new combinations to matter which has already gone through some other artificial process." In elaborating upon this definition, it was said in *Commonwealth v. Weiland Packing Co.,* 292 Pa. 447, 450: ". . . the process of manufacture brings about the production of some new article by the application of skill and labor to the original substance or material out of which such new product emerges." We said in *Com. v. McCrady-Rodgers Co.,* 316 Pa. 155, 158, in which an exemption was sustained for appellee on the ground that it was engaged in manufacturing, ". . . a thing is a manufactured article when the product is a new and different article with a distinctive name, character or use: . . . manufacturing is the application of labor or skill to materials whereby the original articles are changed to a new, different and useful article . . ." The basic principle is that a new product is made out of existing materials: *Commonwealth v. Weiland Packing Co.,* supra, at p. 450; *Commonwealth v. Lowry-Rodgers Co.,* 279 Pa. 361, 365; *Norris Brothers v. The Commonwealth,* supra, at p. 496. When the foregoing tests are applied to the instant case, the conclusion is clear that appellant is a manufacturer. Care, skill and labor are bestowed upon materials, and such materials are subjected to processes which involve the use of specialized machinery and a large plant. New qualities are given to matter which has already under-

gone some other artificial process. Paper and glue are converted into sealing tape, a new and different article which has totally different uses. It would be just as erroneous to say that a maker of sealing tape is not a manufacturer as to say that makers of envelopes, paper cups, fly paper, etc., are not. It would require a strange and strained construction and application of the cited statutes to hold this company to be a wholesale dealer and vendor in goods, and not a manufacturer. Appellant is clearly within the exemption provision and should not, therefore, be subjected to the tax.

Judgment reversed and here entered for defendant.