## Richman Sons, Inc., v. School District of Philadelphia

*Marcu, Marcu & Marcu,* for plaintiff.

*Abraham L. Freedman,* City Solicitor, for defendant.

KUN, P. J., October 4, 1954.—Plaintiff filed a bill to restrain defendant, the School District of Philadelphia, from imposing a general business tax of one mill on plaintiff's gross receipts from its business of buying and selling scrap metal. The General Business Tax Act of May 23, 1949, P. L. 1669, levies a tax of one mill on the gross receipts of all persons engaged in business in the School District of Philadelphia (which is coterminus with the City of Philadelphia). The act exempts manufacturers from the tax on the sale of goods of their own manufacture to customers outside of Philadelphia. Plaintiff's bill was filed on the theory that it is a manufacturer and is therefore not subject to the tax. From the bill, answer and proofs, the court makes the following

## Findings of Fact

1. Plaintiff corporation operates two scrap metal yards in the City of Philadelphia.

2. Plaintiff purchases and sells at wholesale scrap metals of many sorts.

3. There are approximately 70 classifications of metals used by steel mills in the manufacture of steel from scrap metal.

4. Plaintiff sorts, separates, tests, cuts to size and prepares the scrap metal to meet the classifications ordered by its steel mill customers.

5. Except for cutting, separating and bailing the scrap metal, plaintiff does no work on it, but occasionally subjects metals to some chemical tests to determine its content or quality.

6. Plaintiff does not make any other product out of the scrap metal which it purchases and, after sorting, sells.

## Discussion

Plaintiff is not a "manufacturer" within the well-established definition of the term as used in statutes exempting manufacturers from taxes. The word "manufacturer" has been used in the tax statutes in Pennsylvania for many years, and has been the frequent subject of judicial construction by our courts. In Armour and Company v. Pittsburgh et al, 363 Pa. 109, 116, the court said:

"It was said in Commonwealth v. Weiland Packing Co., 292 Pa. 447, 450, 451, 141 A. 148, 149, that 'the process of manufacture brings about the production of some new article by the application of skill and labor to the original substance or material out of which such new product emerges. If however there is merely a superficial change in the original materials or substances and no substantial and well signalized transformation in form, qualities and

adaptability in use, quite different from the originals, it cannot properly and with reason be held that a new article or object has emerged,—a new production been created.' Nor is it of legal significance in this connection that the operations thus conducted require large and extensive plants and organizations, trained men and intricate machinery, for even though the labor be skilled, the operations delicate, a large plant involved, and expensive machinery utilized, such factors, neither individually nor collectively, convert what is essentially a mere processing operation into a manufacturing one: cf Rieck-McJunkin Dairy Co. v. Pittsburgh School District, 362 Pa. 13, 23, 66 A. 2d 295, 299."

In Rieck-McJunkin Dairy Company v. Pittsburgh School District et al., 362 Pa. 13, the court applied the same test in holding that the pasteurization and homogenization of milk, and the preparation of condensed evaporated and powdered milks and buttermilk and sour cream did not constitute manufacture because the product is still milk. On the other hand, butter, cottage cheese and ice cream were recognized to be manufactured products as new and different from the milk originally purchased. The court reviewed its previous decisions extensively. Some of these decisions may be noted here:

(a) Commonwealth v. Weiland Packing Co., 292 Pa. 447: Slaughter of livestock; pickling, curing and smoking of ham and bacon; washing, dehairing, curing and grading of animal hides *held* not manufacturing. Accord: Armour and Company v. Pittsburgh, 363 Pa. 109.

(b) Commonwealth v. Lowry-Rodgers Co., 279 Pa. 361: Cleaning, removing outer skins and roasting of coffee beans, thereby changing their color, chemical composition and weight, *held* not manufacturing.

(c) Commonwealth v. Sunbeam Water Co., 284 Pa.

180: Distilling water to remove impurities *held* not manufacturing.

(d) Commonwealth v. The John T. Dyer Quarry Company, 250 Pa. 589: Quarrying and crushing stone *held* not manufacturing.

(e) Commonwealth v. The Welsh Mountain Mining & Kaolin Manufacturing Company 265 Pa. 380: Crushing rock into sand, coloring with clay, *held* not manufacturing.

(f) Commonwealth v. Paul W. Bounds Company, 316 Pa. 29; Dressing limestone, blue stone and granite for use in interior walls of buildings *held* not manufacturing.

It is clear from the simple facts in the case and the applicable law that plaintiff is not a manufacturer. Plaintiff does nothing to change the metal which it receives. Plaintiff is a dealer in scrap metal, not a manufacturer. A dealer has been defined by our courts as "one who buys to sell again". Norris Bros. v. Commonwealth, 27 Pa. 494.

## Conclusions of Law

1. Plaintiff is a vendor of scrap metal.

2. Plaintiff is not a manufacturer.

3. Plaintiff's only places of business are within the City of Philadelphia, the boundaries of which are coterminus with the School District of Philadelphia.

4. Plaintiff is taxable not as a manufacturer, but as a vendor, under the General Business Tax of May 23, 1949, P.L. 1669.

## Decree Nisi

And now, October 4, 1954, plaintiff's bill is dismissed, with costs to be paid by plaintiff.

The prothonotary will enter the above decree nisi and give notice thereof to the parties of their attorneys, and unless exceptions are filed thereto within 20 days, the same may be entered as a final decree.