Horigan *v.* City of Pittsburgh, Appellant.

Argued April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*George Shorall,* Assistant City Solicitor, with him *J. Frank McKenna, Jr.,* City Solicitor, and *W. S. Moorhead, Jr.,* Assistant City Solicitor, for appellant.

*Frank W. Ittel,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.

OPINION BY HIRT, J., July 21, 1955:

On the authority of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq., the City of Pittsburgh enacted its Ordinance No. 488, effective November 29, 1947, which imposed an annual mercantile license tax on wholesale and retail vendors or dealers in goods, wares and merchandise. The amending Act of May 9, 1949, P. L. 898 struck down the power to levy a tax "on goods and articles manufactured in such political subdivision . . . or on any privilege, act or transaction

related to the business of manufacturing . . ." The ordinance by its terms in §1(d) provided that dealers subject to the tax "shall not include . . . any person vending or disposing of articles of his own . . . manufacture . . ." In 1947 when the mercantile license tax ordinance was about to go into effect, the plaintiffs were advised by a responsible representative of the city that they were not subject to the tax. It was not until 1951 that the city indicated a change in its position and notified plaintiffs that they owed mercantile taxes for the years 1948 through 1952, in stated amounts with penalties and interest added. Equity will enjoin taxation for want of power to tax (*Jamison C. & C. Co. v. Unity Twp. Sch. Dist.*, 362 Pa. 389, 66 A. 2d 759) and to restrain the collection of the above taxes this action was brought. The court in its adjudication found that plaintiffs are artisans and that their business is that of a manufacturer, and decreed that the partnership is not liable for mercantile taxes "except upon 5% of its business." The court also concluded that there is no liability "for any penalty on that part of the mercantile taxes found to be due by it." Appellant contends that plaintiffs are dealers subject to the tax, on all of their business, with interest and penalties.

Plaintiffs' business consists in designing, selling and erecting cemetery monuments or memorials. They buy rough granite and other stone in carload lots in the shapes and condition that it comes from a number of quarries. The rough stones so acquired constitute plaintiffs' stock of raw material of various sizes, some of which weigh a number of tons. Plaintiffs on occasion are called upon to duplicate an existing monument on a cemetery lot. More often their draftsmen and artists design monuments of various sizes and forms with or without ornamental carving, to suit the

taste of the purchaser in each instance. In fashioning a monument plaintiffs first select from their stock a rough stone of suitable size and quality. By a series of operations requiring a high degree of skill, they saw, hammer and grind the stone to size. They then cut, polish, dress and finish it in accordance with the drawings or patterns and plaster molds of carvings, if any, which have been prepared. The work involves the use of power machines such as mechanical "bumpers", hammers, surfacing machines, carborundum saws, drilling and polishing devices, as well as cranes and hoists. One hundred or more man-hours of labor may be involved in producing a single large monument. The labor cost of a monument averages about three times the cost of the raw material and to this various substantial overhead costs must be added.

There is no dispute as to the processes involved in the production of the monuments which plaintiffs sell. And clearly plaintiff partnership is a manufacturer under the distinctions of the classic language of Mr. Justice BLACK in *Norris Brothers v. The Commonwealth*, 27 Pa. 494, 496. By the application of skill, labor and mechanical processes plaintiffs produced a new and different product, to wit: a monument finished to specifications suitable for a memorial, out of raw material. This is manufacturing within the accepted and controlling definitions of *Com. v. Peerless Paper Speciality, Inc.*, 344 Pa. 283, 285, 25 A. 2d 323 and the cases there cited. Cf. *Edwin Bell Cooperage Co. v. Pittsburgh et al.*, 177 Pa. Superior Ct. 567, 112 A. 2d 662. (Filed March 23, 1955).

In *Com. v. Paul W. Bounds Co.*, 316 Pa. 29, 32, 173 A. 633, on which appellant places some reliance, the Supreme Court implied that "the cutting, carving and ornamentation of stones by tombstone makers" is not manufacturing. But the language was dicta

merely in an opinion which clearly demonstrated that a building contractor who cuts and carves and sets stones in walls of a building under construction, is not a manufacturer. As against the dicta in the *Bounds* case, compare *Com. v. Slate Co.,* 162 Pa. 599, 29 A. 706.

In some few instances the plaintiffs buy monuments in a finished state except for the inscription. On these, liability for the mercantile tax is conceded. The sales of monuments so purchased amounted to about 5% of plaintiffs' business and the defendant did not except to the court's finding to that effect. Plaintiffs will be liable for the tax on this portion of its business for the years in question, but without penalty. They were justified in acting on the advice of the city solicitor's office, that they were not liable to any extent, until notified to the contrary by the present assessments. Cf. *Brown & Zortman v. Pittsburgh,* 375 Pa. 250, 100 A. 2d 98.

Decree affirmed.