562 A.2d 1015

**STEWART HONEYBEE PRODUCTS, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1989.

Decided Aug. 15, 1989.

Lloyd R. Persun, Shearer, Mette, Evans & Woodside, Harrisburg, for petitioner.

Michael A. Roman, Deputy Atty. Gen., Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

Stewart Honeybee Products, Inc. (Stewart Honeybee) has filed exceptions [1] to this Court's Order [2] affirming a Board of Finance and Revenue resettlement which denied Stewart Honeybee an exemption to its capital stock tax assessment.[3] We sustain the exceptions.

According to the stipulated facts, Stewart Honeybee, a Pennsylvania corporation, produces marketable honey out of raw honey which is obtained either from its own beehives or purchased from commercial beekeepers. When it arrives at the plant, raw honey is unfit for human consumption—it arrives as a crystallized solid and contains various impurities such as pollen, colloids, beeswax, honeycomb particles, wood chips from beehive frames, and bee body parts. At the plant, the raw honey is rendered marketable through a process combining testing, liquefaction, blending, pasteurization, filtration, cooling, and finally packaging.

The sole issue for consideration is whether Stewart Honeybee demonstrated that it qualifies for the manufacturing exemption to the capital stock tax.

The Pennsylvania Supreme Court recently refined the definition of manufacturing for purposes of capital stock tax exemption in *Ski Roundtop, Inc. v. Commonwealth,* 520 Pa. 227, 553 A.2d 928 (1989). Manufacturing is "(1) the

---

1. Pa.R.A.P. 1571(i).

2. *Stewart Honeybee Products, Inc. v. Commonwealth,* 118 Pa.Commonwealth Ct. 430, 545 A.2d 468 (1988) (*Stewart Honeybee I*).

3. Section 602 of the Capital Stock–Franchise Tax provision. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7602. That section exempts from taxation those business entities "organized for manufacturing, processing, research or development purposes."

application of labor and skill (2) which changes a material (3) substantially (4) into a new, different and useful item." *Id.*, 520 at 231, 553 A.2d at 930.[4]

Applying that test to these stipulations, we must first determine if the transformation of Honeybee's product is accomplished through the application of labor and skill. As the Supreme Court reiterated in *Ski Roundtop* :

> What is required is that the basic materials or goods be given a new identity by the current producer, one which can be easily traced to such producer. This identity must be the product of skill and labor. Skill involves education, learning, experience or knowledge one acquires in a particular business, trade or profession; while labor is the physical characteristics and methods utilized to employ one's skills. When labor is used in conjunction with skill to produce a different product than the original, one with a new identity, manufacturing has occurred.

*Ski Roundtop*, 520 Pa. at 231, 553 A.2d at 930 (citing *Bindex Corp. v. City of Pittsburgh*, 504 Pa. 584, 587–88, 475 A.2d 1320, 1322 (1984)).

Stewart Honeybee's five-stage process transforms a solid raw material into honey, a liquid, which is only *then* fit for

---

**4.** The Supreme Court expressly stated that this formulation was a summary of prior precedent, relying specifically on the "well summarized" case law cited in *Bindex Corp. v. City of Pittsburgh*, 504 Pa. 584, 475 A.2d 1320 (1984). The *Ski Roundtop* opinion does not radically change existing law on this subject and, therefore, prior case law remains a valid guide as to what constitutes manufacturing. The following have been held to be examples of manufacturing: *Pillsbury Mills, Inc. v. Pittsburgh School District*, 408 Pa. 369, 184 A.2d 236 (1962) (milling of wheat into flour); *Atlantic Refining Co. Case*, 398 Pa. 30, 156 A.2d 855 (1959) (refining crude oil into motor oils, fuel oils, etc.); *Commonwealth v. Snyder's Bakery*, 348 Pa. 308, 35 A.2d 260 (1944) (converting raw potatoes into potato chips); *Kirks Milk Products, Inc. v. Commonwealth*, 58 Pa.Commonwealth Ct. 230, 427 A.2d 688 (1981) (converting liquid buttermilk and skim milk into powdered milk products). The following have been held *not* to constitute manufacturing: *Kimberton Co. v. Commonwealth*, 520 Pa. 238, 553 A.2d 934 (1989) (placing custom embroidery on ready-made shirts); *Commonwealth v. Tetley Tea Co.*, 421 Pa. 614, 220 A.2d 832 (1966) (removing impurities from tea); *Rieck–McJunkin Dairy Co. v. Pittsburgh School District*, 362 Pa. 13, 66 A.2d 295 (1949) (pasteurization of milk); *Commonwealth v. Sunbeam Water Co.*, 284 Pa. 180, 130 A. 405 (1925) (distilling water to remove impurities).

human consumption under federal standards. The unrefined honey is first tested for moisture content. It is then placed over a stainless steel batch tank in a room where the temperature is raised to 160 degrees Fahrenheit. The raw honey then becomes partially liquified. Next, the honey is pumped into a mixing tank where it is blended with diatomaceous earth. In the fourth phase, the honey is placed in a heat exchanger which destroys bacteria and microorganisms and reduces moisture content. The pasteurized honey is then pumped through an elaborate filtration system which removes foreign matters (beeswax, wood chips, bee body parts, etc.). After filtration, the honey is pumped through a stainless steel plate cooling exchanger. Finally, the honey is transferred to an automatic packaging line used to fill and cap plastic containers. (Stipulations of Fact (S.F.), paras. 19–33).

This Court has held that the use of elaborate machinery constitutes an application of labor and skill. *Kirks Milk Products, Inc. v. Commonwealth*, 58 Commonwealth Ct. 230, 427 A.2d 688 (1981). Stewart Honeybee engages in extensive procedures utilizing high-tech machinery to convert unrefined honey into a consumable product; therefore, according to the stipulations, the process detailed above involves the application of labor and skill.

We next turn to whether a new, different and useful product emerges from Stewart Honeybee's process. In *Ski Roundtop*, the Supreme Court held that transforming water, a liquid, into snow, a solid, constituted "manufacturing." The Court emphasized that snow is a different product than water in its liquid form, which was not useful for skiing down a mountain. *Id.* 520 Pa. at 234, 553 A.2d at 931.

Similarly, unrefined honey has been found to be commercially unfeasible because of such undesirable characteristics as toxicity, flavor changes, and impurities. For example, solid honey cannot be spread on toast, mixed in pastry batter, or blended into coffee or tea. (S/F, paras. 27, 28.) Stewart Honeybee's conversion of the unrefined honey into a purified liquid constitutes a new, different and *useful*

product because not only is it now fit for human consumption but it has undergone a substantial change in form.

The panel's conclusion in *Stewart Honeybee I*—that the process was not manufacturing because the equivalent process might be conducted at home on a smaller scale—understates the degree of technology and skill involved in making honey fit for human consumption. In comparison, a mechanic's potential ability to assemble an automobile in his garage would not preclude General Motors from receiving the manufacturing exemption. Moreover, we conclude that granting Stewart Honeybee the exemption more closely conforms to the legislature's purpose in exempting manufacturers from the capital stock tax. *See Kirks Milk* (legislative limits on taxation of manufacturers is intended to encourage the growth of manufacturing in this Commonwealth). We are convinced that the manufacturing exemption should encourage such capital formation and modernization. Accordingly, we sustain Honeybee's exceptions to this Court's decision in *Stewart Honeybee I.*

## ORDER

The exceptions of Stewart Honeybee Products, Inc., are sustained. The panel decision of this Court in *Stewart Honeybee Products, Inc. v. Commonwealth,* Nos. 1906 and 1907 C.D. 1983, reported at 118 Pa.Commonwealth Ct. 430, 545 A.2d 468 (1988), is vacated, and the order and resettlement of the Department of Revenue, Board of Finance and Revenue at Nos. R–6820 and C–11,043 is reversed.

PALLADINO, Judge, dissenting.

I must respectfully dissent. On August 8, 1988, in *Stewart Honeybee Products, Inc. v. Commonwealth,* 118 Pa. Commonwealth Ct. 430, 545 A.2d 468 (1988) (*Stewart Honeybee I*), a unanimous panel of this court held that the process used to refine the honey in this matter did not constitute manufacturing under the capital stock tax, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7602. Petitioner's exceptions have provided no new authority to support the reversal of *Stewart Honeybee I.*

While the majority opinion correctly sets forth the test for determining whether a process is manufacturing, it misapplies this test. As stated by the Pennsylvania Supreme Court, manufacturing is "(1) the application of labor and skill (2) which changes a material (3) *substantially* (4) into a new, different and useful item." *Ski Roundtop, Inc. v. Commonwealth*, 520 Pa. 227, 231, 553 A.2d 928, 930 (1989) (emphasis added). This test is not new, but merely a reiteration of prior precedent. *Id.*

Applying this test to the facts of this case, in light of prior decisions, requires a finding that the process in question is not manufacturing. Stewart Honeybee's five stage process merely transforms solid honey into liquid honey, a superficial change in the raw honey. The use of expensive and elaborate machinery is not the application of the requisite labor and skill, if only superficial changes are made to the raw material. *See Armour & Co. v. City of Pittsburgh*, 363 Pa. 109, 116, 69 A.2d 405, 408 (1949).

The majority's reliance on *Kirks Milk Products, Inc. v. Commonwealth*, 58 Pa.Commonwealth Ct. 230, 427 A.2d 688 (1981) is misplaced. The process in *Kirks Milk* could not be duplicated in the home. However, when the process can be duplicated in the home on a smaller scale, elaborate machinery does not transform the process into an application of labor and skill. *Commonwealth v. Berlo Vending Co.*, 415 Pa. 101, 202 A.2d 94 (1964). In the case at bar, raw honey can easily be transformed into a usable product in the home.

Even if the majority's conclusion that the use of elaborate machinery constitutes an application of labor and skill is accepted, no new, different and useful product is produced. It is well established that the removal of impurities or foreign matter from a substance does not result in a new and different product. *See Commonwealth v. Tetley Tea Company, Inc.*, 421 Pa. 614, 220 A.2d 832 (1966) (separating tea from foreign matter does not result in a new and different product); *Commonwealth v. Sunbeam Water Co.*, 284 Pa. 180, 130 A. 405 (1925) (distillation of water to

remove impurities does not result in a new and different product). Nor does the mere pasteurization of a substance create a new and different product. *See Rieck–McJunkin Dairy Co. v. Pittsburgh School District,* 362 Pa. 13, 66 A.2d 295 (1949) (pasteurization of milk to destroy harmful organisms does not create a new and different product).

In this case, the honey is pasteurized to destroy bacteria and filtered to remove foreign matter. Merely bringing the honey into compliance with the federal standards for human consumption does not make it a new, different, and useful product; it is honey both before and after compliance is achieved. As this court has held in the past, the cooking and blending of food products does not constitute manufacturing. *See Van Bennett Food Co., Inc. v. City of Reading,* 87 Pa. Commonwealth Ct. 30, 486 A.2d 1025 (1985) (preparation of potato and macaroni salad, baked lima beans, potato filling, bread filling, red beet eggs, egg salad, macaroni and cheese, rice pudding, tapioca pudding, clam chowder, cole slaw, pepper cabbage, health salad, tuna salad and cranberry relish do not constitute manufacturing). Accordingly, I would dismiss Honeybee's exception to this Court's decision in *Stewart Honeybee Products, Inc. v. Commonwealth,* 118 Pa.Commonwealth Ct. 430, 545 A.2d 468 (1988).