## Commonwealth *v.* Philadelphia Electric Company, Appellant.

Argued May 22, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur H. Hull* and *Wm. S. Snyder,* of *Snyder, Miller, Hull & Hull,* for appellant.

*Philip S. Moyer,* Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, September 25, 1933:

These three appeals by defendant from the settlement of gross receipts taxes were argued together and will be disposed of in one opinion.

The questions raised are these: (1) Are receipts of an electric light company derived from the sale of lamps, wire, sockets, etc., subject to the gross receipts tax imposed by the Act of April 25, 1929, P. L. 662, which provides: "Every......electric light company......engaged in......electric light and power......business ......shall pay......a tax of eight mills upon the dollar upon the gross receipts of said corporation...... received......from electric light and power......business." (2) Are receipts from rental of motors, sweepers, or cleaners or other machines or devices subject to the tax? (3) Are receipts from labor charges in connection with jobbing work, or in connection with installations for service subject to the tax? (4) Does taxing gross receipts from sale of current to other utilities within the State for resale and taxing the receipts from such resale constitute double taxation?

The court below in each instance held appellant liable for the tax.

As to the first three questions, we think this conclusion inescapable if words are to be given their ordinary meaning. "Every electric light company shall pay a tax of eight mills upon the gross receipts received from electric light and power business" says the act. Nothing could be plainer. In Com. v. Brush Electric Light Co., 204 Pa. 249, we decided that an electric light company must pay the eight mills gross receipts tax upon its re-

ceipts from any and every source. There the controlling words of the act were "from business of electric light companies," here they are "from electric light business." Where is the difference? All that has happened is that the word "business" has been transposed.

Appellant says in effect that the legislature must have meant to change the object of the tax—total business of electric light companies—covered by the Act of June 1, 1889, P. L. 420, which we construed in the Brush Case because it changed the phraseology in the Act of 1929. It did not change the language, it only transposed it. This was done very possibly to make the law more certain of its effect. To hold, as appellant urges we should, that the tax is now limited to gross receipts from the sale of current to produce light and power, would require us to give a strained meaning to language which to us is plain. We, therefore, conclude that the court below was correct in holding that receipts derived by appellant from the sale of lamps, wire, sockets, etc., from the rental of motors, sweepers, cleaners and other machines and devices and from labor charges in connection with jobbing work and with installations for service are subject to the tax.

This brings us to the last question: Whether it amounts to double taxation to tax the gross receipts of appellant from the sale of electric current to other public service companies within the State where they in turn resell the current and pay gross receipts taxes thereon. At the start it may be proper to note the thought that appellant is not being doubly taxed. It pays only one tax. What other corporations may pay does not concern it, even though they be affiliated with it. They are separate corporate entities. The situation here is not comparable with that in Com. v. Fall Brook Coal Co., 156 Pa. 488, cited by appellant, where we held that where a railroad company has paid a tax upon its capital stock its shares are not liable to further capital stock taxes in the hands of their holders.

Recognizing the rule that the presumption is against double taxation and that that presumption will prevail unless the intent to impose it is shown by express words, we think this not a case of double taxation. Appellant argues that the electric current is taxed, but such is not the fact, what is taxed is gross receipts—such receipts as come into the hands of every electric company. If appellant's position should be sustained, we could have the anomalous situation that since all of appellant's electric current was sold to other electric companies for resale and since the other electric companies would pay a tax on their gross receipts, appellant would not be obliged to pay any gross receipts tax. We can imagine no greater lack of uniformity in taxation than this would bring about.

The learned president judge of the court below, after reviewing all of the authorities, concluded that the tax here in question is a franchise or privilege tax and not a tax upon property and hence the rule as to double taxation does not apply. We think this conclusion can be reached from a review of the authorities ably analyzed in that opinion, but in the view we take of the case it is not necessary to put our determination upon that principle alone. Our opinion is that the taxing of gross receipts of appellant from the sale of current to other utilities within the State for resale by them and taxing the gross receipts of the other utilities from such resale does not constitute double taxation of appellant.

The judgments of the court below are affirmed.