## Glen Alden Coal Company, Appellant, *v.* Thomas, Appellant, et al.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*J. H. Oliver*, with him *Walter W. Harris, O'Malley, Harris, Harris & Warren*, and *Franklin B. Gelder*, for plaintiff, appellant.

*Wm. J. Oliver*, with him *David J. Conroy*, for defendant, William B. Thomas, appellant.

*Charles L. Robertson*, Solicitor, for Borough of Taylor, appellee.

*Raymond T. Law*, Solicitor, for School District of Borough of Taylor, appellee.

*John J. Scott,* with him *David J. Reedy, Jr.,* Assistant City Solicitor, and *James W. McNulty,* City Solicitor, for City of Scranton, appellee.

OPINION BY ARNOLD, J., July 15, 1949:

This was a bill in equity brought by the Glen Alden Coal Company for an interpleader against a taxable and various taxing districts, concerning what is commonly called a wage tax levied under the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq., familiarly known as the "Home Rule Tax Act." The Glen Alden Coal Company, employer of the taxable, withheld the tax at its source.

The Act could have made the wage earner liable to a wage tax levied by the municipality in which the wages were earned, and also liable for a wage tax in the municipality of the wage earner's residence. The Legislature determined that the wage earner should not be subject to two such taxes if levied in the same amount, and embedded that intention in §5 of that Act, 53 PS §2015.5, which reads as follows: "Payment of any tax on . . . wages . . . to a political subdivision by *residents* thereof . . . shall be credited . . . as a deduction from the liability of such persons for any other like tax . . . on . . . wages . . . imposed by any *other* political subdivision . . ." (Italics supplied). Thus the wage tax paid at the place of residence is a credit which may *only* be used against the wage tax levied by the municipality in which the wages were earned, and not vice versa.

Thomas was a resident of the Borough of Taylor, which was geographically identical with the school district of that borough. His wages from the Glen Alden Coal Company were earned in the City of Scranton.

The Borough of Taylor, the residence of Thomas, levied a 1% tax, commonly called a wage tax, collectible from all residents of the borough whether or not their wages were earned therein.

The School District of the Borough of Taylor, the residence of Thomas, made a like levy of a 1% tax collectible from all residents thereof whether or not the wages were earned therein.

The City of Scranton, in which Thomas earned his wages, levied a like wage tax of 1% upon both residents and nonresidents of that city whose wages were earned therein. Since the tax levied by the City of Scranton was in the same amount, it has no interest in this proceeding.

The various tax ordinances and resolutions provided for deduction of the tax at the source, and the Glen Alden Coal Company deducted the sum of $4.00 (1%) from the wages of Thomas.

Thomas directed that the 1% tax withheld from his wages be paid to the Borough of Taylor. The question is whether Thomas, by means of this payment to the Borough of Taylor, can obtain a credit on a similar 1% wage tax levied by the coterminus School District of the Borough of Taylor, of which he is as much a resident as he is of the Borough of Taylor. The court below held that he could not take such credit, for the reason that he was a resident of both municipal subdivisions. With this conclusion we agree. Section 5 of the Act provides that payment of a tax upon wages to a political subdivision "by *residents* thereof . . . shall be credited . . . as a deduction from the liability of such persons for any other like tax . . . on . . . wages . . . imposed by any *other* political subdivision. . . ." (Italics supplied). The word "other" in the phrase "by any other political subdivision" obviously relates to a political subdivision other than the residence of the taxable. It could not mean anything else, for Thomas is a resident of both the school district and the coterminus borough. For both the borough and the school district to levy the same tax on wages is not double taxation, because the same tax is not imposed by the *same taxing power* upon the same

subject matter: *Philadelphia v. Heinel Motors, Inc., et al.,* 142 Pa. Superior Ct. 493, 499, 16 A. 2d 761; *Allegheny County Motor Company et al. v. Pittsburgh et al.,* 360 Pa. 407, 414, 62 A. 2d 64. There is, of course, no bar against double taxation, but the intention to doubly tax must plainly appear in the enactment.

We affirm the court below and hold that the taxable, Thomas, may credit any wage tax paid or directed to be paid to the borough and the school district of his residence, against any tax levied by a municipality in which the wages were earned; and that said taxable cannot have credit with the School District of the Borough of Taylor for the wage tax paid or directed to be paid to the Borough of Taylor, or vice versa. Such credit of tax paid in the place of residence may only be used against a wage tax levied by the municipality in which the wages were earned.

Decree affirmed at the cost of the Glen Alden Coal Company.