Morgan, Appellant, *v.* Glen Alden Coal Company et al.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Wm. J. Oliver,* for plaintiff, appellant.

*J. H. Oliver,* with him *Walter W. Harris, O'Malley, Harris, Harris & Warren* and *Franklin B. Gelder,* for Glen Alden Coal Company, appellee.

*Charles L. Robertson,* Solicitor, for Borough of Taylor, appellee.

*Raymond T. Law,* Solicitor, for School District of Borough of Taylor, appellee.

OPINION BY ARNOLD, J., July 15, 1949:

This was a bill in equity for an injunction to restrain the withholding of a wage tax by appellant's employer, Glen Alden Coal Company, and to restrain the Borough

of Taylor and the School District of the Borough of Taylor, from collecting such wage tax against the appellant. This case was argued with *Glen Alden Coal Company v. Thomas,* 165 Pa. Superior Ct. 199, 67 A. 2d 754, which was affirmed by an opinion filed this day.

Morgan is a resident of the Borough of Clarks Summit, which borough levied a wage tax of 1% against its residents.

The Borough of Taylor is geographically identical with the School District of the Borough of Taylor.

The borough levied a 1% wage tax on the wages earned by Morgan while employed by the Glen Alden Coal Company in that borough. The School District of the Borough of Taylor also levied a 1% wage tax on the same wages so earned by him in that municipality while employed by the Glen Alden Coal Company.

Morgan paid the wage tax levied by the Borough of Clarks Summit, which is the political subdivision in which he lived. He sought to have the amount of such tax credited on his tax liability under the levy made both by the borough of Taylor and by the School District of the Borough of Taylor.

As we stated in *Glen Alden Coal Company v. Thomas,* supra, the purpose of the "Home Rule Tax Act" (53 PS §2015.1 et seq.) was to allow a resident of a municipality who paid a wage tax therein, to be given credit, in the amount of such tax paid, against any municipality which levied a tax on wages *earned* in that latter municipality. It is only the wage tax paid to the municipality of residence which is allowed as a credit against a similar tax levied on the same wages by the municipality where they are earned.

When Morgan paid the wage tax levied by the Borough of Clarks Summit, the place of his residence, he was entitled to use that payment as a credit, in the words of the Act, upon "the liability . . . for any other like tax . . . on . . . wages . . . imposed *by any other*

2

*political subdivision.*" (Italics supplied.) In *Glen Alden Coal Company v. Thomas et al.* we held that the phrase, "other political subdivision," was in contradistinction to the political subdivision of one's residence.

Therefore Morgan was entitled to apply the tax paid to the Borough of Clarks Summit as a credit on *any* other like tax levied by *any* political subdivision of which he was a nonresident. He is a nonresident of the Borough of Taylor and a nonresident of the School District of the Borough of Taylor. He may therefore apply the credit on *each* of those respective tax levies.

The court below held that Morgan could apply one-half of the credit to the Borough of Taylor's tax levy and one-half to the levy of the school district of that borough, and the effect of this was that Morgan could obtain but one credit against the two tax levies, with the same result as though the Borough of Taylor only had levied a 2% tax on wages.

Morgan is entitled to receive from the Glen Alden Coal Company the tax withheld by it from his wages, to the amount that Morgan has paid the wage tax levied by the Borough of Clarks Summit, the political subdivision of his residence. Likewise he is entitled to have the amount of the tax so paid to Clarks Summit credited against the like tax levied by the Borough of Taylor, and against the tax levied by the School District of the Borough of Taylor.

The decree of the court below is reversed with instructions to enter a decree in conformity with this opinion; the costs to be divided equally between the Borough of Taylor and the School District of the Borough of Taylor.