# Neshannock Township School District v. City of New Castle

*Elmer O'Neill, Walter A. Kieler* and *John F. Henderson,* for plaintiff.

*Robert White, Robert E. Jamison* and *W. Walter Braham,* for defendant.

POWERS, J., July 11, 1957.—This is an action in equity wherein plaintiff, School District of Neshannock Township, seeks an accounting from defendant, City of New Castle, for certain tax moneys collected from residents of Neshannock employed within the territorial limits of city.

The action was commenced by a complaint filed on August 11, 1955. It alleges, inter alia, that pursuant

to the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, et seq., the parties entered into an oral agreement for the years of 1949 to 1954, both inclusive, that during the years in question both Neshannock and city, by resolutions or ordinances duly adopted under authority of the Act of 1947, as amended, separately imposed a 10 mill tax upon wages, salaries, commissions and other earned income, that city collected this 10 mill tax from residents of Neshannock employed within its territorial limits, that under the terms of the alleged oral agreement city agreed to pay to Neshannock all such tax moneys thereafter collected from employers of residents of Neshannock located within its territorial limits which were withheld by such employers from wages, salaries, commissions and other earned income of Neshannock's residents, that Neshannock agreed to pay city a collection fee ranging from 7 to 10 percent of the tax moneys so collected and turned over to Neshannock and that although city did collect the agreed tax moneys from residents of Neshannock, it had refused to pay over to Neshannock the total amount of tax moneys to which it is entitled under the alleged oral agreement.

To this complaint city filed a preliminary objection in the nature of a demurrer which was dismissed in an able opinion by President Judge John G. Lamoree. City thereupon filed an answer denying any oral agreement with Neshannock and claiming as its own all tax moneys in dispute. The answer also contained new matter to which Neshannock promptly filed a reply.

A complaint, answer and a reply having been duly filed, the court on October 22, 1956, upon motion by Neshannock, set November 9, 1956, as time for hearing. But seven days before this scheduled hearing, November 2, 1956, city filed a petition for an extension of time to file a praecipe joining the School District of the City of New Castle as an additional defendant

and also a second petition asking leave of court to amend its answer so as to include a counterclaim against Neshannock. By reason of these petitions the hearing scheduled for November 9th was continued generally and appropriate rules were issued on Neshannock as prayed for in the petitions. Neshannock filed a preliminary objection in the nature of a demurrer to the rule concerning the proposed counterclaim, and an answer to the rule for a joinder of the School District of the City of New Castle as an additional defendent. The issue now before the court is whether these rules should be made absolute.

1. The petition to join the School District of the City of New Castle as an additional defendant admits that the complaint alleges an oral contract only between the city and Neshannock, but avers that the school district must be made an additional defendant because a written contract between it and the school district makes the receiver of taxes, who collected the tax moneys Neshannock is claiming, an agent of both, and that the school district is jointly interested in and responsible for the actions of the receiver of taxes and of the office of the receiver of taxes, and therefore should have been joined as a necessary party defendant.

A petition to join an additional defendant is made under and subject to Pa. R. C. P. 2253, which reads:

"No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Whether or not there is good cause shown for the granting of an extension of time is generally a matter

within the sound discretion of the trial court: Moore
v. Thomas Moore Distilling Company, 234 Pa. 413;
Marnell v. Cross, 372 Pa. 82. In this case city delayed
for almost 15 months after the filing of the complaint,
and for almost two weeks after the hearing date was
set. Further, city's petition caused a delay in the adju-
dications and we think it would be both unjust and
unfair to cause Neshannock additional delay by per-
mitting joinder of the school district as an additional
defendant. Trials should not be delayed for the pur-
poses of discovery, and we think the same reasoning
should apply to the circumstances of this case, unless
city can show a justifiable reason for its delay: Good-
rich-Amram Rules 4011($b$)-1 and 4012($a$)-10.

City alleges that the school district is a necessary
party to this proceedings, but alleges in its petition no
justifiable cause for its delay in attempting to join
the school district as an additional defendant. The fact
is that city had actual knowledge at all times of its
dealing with the school district. Furthermore, Neshan-
nock's agreements with city were severally distinct,
separate and apart, from whatever dealings the school
district might have had with city. Under these cir-
cumstances city and school district did not have a joint
interest in the subject matter of the action as con-
templated by Pa. R. C. P. 2227, and therefore the
school district is not an indispensable or necessary
party to this proceedings: Mintz v. Tri-County Na-
tural Gas Company, 259 Pa. 477.

Our Supreme Court speaking through Chief Justice
Drew in the case of Potter Title and Trust Company
v. Lattavo Brothers, Inc., 370 Pa. 374, held that to
permit the joinder of an additional defendant 16
months after plaintiff filed its amended complaint
would not only be violative of Pa. R. C. P. 2253, but
would be manifestly unjust. Although the Supreme

Court talked about a delay of 25 months, it is clear from the facts of the case that the actual delay was only 16 months because the 60 day time limitation provided for by Pa. R. C. P. 2253 began to run anew when plaintiff filed its amended complaint. As an excuse for its delay, defendant in that case averred in its petition for joinder that it had been awaiting the outcome of a suit which arose from the same accident and had been instituted by another plaintiff against the railroad. But our Supreme Court held: "The fact that defendant considered that suit a test case which might determine the railroad's liability as well as its own in the instant matter, is no justification for its delay. It was aware of the time limit provision of Rule 2253 and deliberately chose not to join the railroad within the prescribed period. Lacking a better reason for extending the time of filing its praecipe than that which it has averred, defendant should be bound by its choice." In this case now before the court, the city delayed for almost 15 months before attempting to join the school district as an additional defendant and offered no excuse for the delay in its petition for joinder. Under these circumstances, the city's case for joinder is not nearly as strong as that of defendant's in Potter Title and Trust Company v. Lattavo Brothers, Inc., supra, and therefore must be denied.

Refusal to permit defendant leave to join, as it now seeks to do, will cause no hardship upon it. If city might have a cause of action properly assertable against the school district, it may test the same in a separate action, without subjecting Neshannock to further hinderance or delay.

2. Both the city and Neshannock passed ordinances or resolutions providing for the separate assessment and collection of the maximum 10 mill tax permitted by the Act of 1947, as amended, upon salaries, wages,

earned income, commissions and other compensation or net profits of a business, profession or other activity. Both parties admit that the Act of 1947, as amended, authorized the assessment and collection of only one 10 mill tax return from any resident of Neshannock employed within the territorial limits of city. The issue raised by city's proposed counterclaim is whether city is entitled to one-half of the tax moneys assessed and collected under the Act of 1947, as amended, from residents of Neshannock employed within its territorial limits. It alleges, inter alia, that for the years 1949, 1950 and 1951, city paid Neshannock a total sum of $63,189.49, but that under the Act of 1947, as amended, Neshannock was entitled to only one-half of this sum.

City bases its claim upon the amendment of May 9, 1949, P. L. 898, to section 1 of the Act of 1947, 53 PS §6851, which reads:

"If at any time two political subdivisions shall impose any one of the above taxes on the same person, subject, business, transaction or privilege, located within both such political subdivisions, during the same year or part of the same year, under the authority of this act, then the tax levied by a political subdivision under the authority of this act shall, during the time such duplication of the tax exists, except as hereinafter otherwise provided, be one-half of the rate, as above limited, and such one-half rate shall become effective by virtue of the requirements of this act from the day such duplication becomes effective without any action on the part of the political subdivision imposing the tax under the authority of this act. When any one of the above taxes has been levied under the provisions of this act by one political subdivision and a subsequent levy is made either for the first time or is revived after a lapse of time by another political subdivision on the same person, subject, business,

transaction or privilege at a rate that would make the combined levies exceed the limit allowed by this subsection, the tax of the second political subdivision shall not become effective until the end of the fiscal year for which the prior tax was levied, unless notice indicating its intention to make such levy is given to the first taxing body by the second taxing body as follows: (i) when the notice is given to a school district it shall be given at least forty-five (45) days prior to the last day fixed by law for the levy of its school taxes; (ii) when given to any other political subdivision it shall be prior to the first day of January immediately preceeding, or if a last day for the adoption of the budget is fixed by law, at least forty-five (45) days prior to such last day. It is the intent and purpose of this provision to limit rates of taxes referred to in this subsection so that the entire burden of one tax on a person, subject, business, transaction or privilege shall not exceed the limitations prescribed in this subsection: Provided, however, That any two political subdivisions which impose any one of the above taxes on the same person, subject, business, transaction or privilege during the same year or part of the same year may agree among themselves that, instead of limiting their respective rates to one-half of the maximum rate herein provided, they will impose respectively different rates, the total of which shall not exceed the maximum rate as above permitted."

We are unable to agree with city's contentions because the language in the statute is wholly clear and unambiguous in its provisions. It is at once apparent that this amendment was intended to remedy the situation presented by Glen Alden Coal Company v. Thomas, 165 Pa. Superior Ct. 199, which held that the taxpayer who was a resident of Taylor Borough which was coterminus with Taylor School District was properly assessed a 10 mill tax by Taylor Borough and

an additional 10 mill tax by Taylor School District. It is so stated in Minich v. Sharon City, 366 Pa. 267, where Justice Horace Stern, later Chief Justice, speaking for a unanimous court said:

"The provision in the Act of 1949 that the tax imposed by a political subdivision on a subject located both in it and another political subdivision shall be reduced to one-half of the rate is obviously designed merely to secure for those taxpayers who are residents of both such political subdivisions a proper allowance of credit; *it does not mean that the tax so imposed is automatically reduced to one-half as against persons who are residents of some other political subdivision.*" (Italics supplied.)

Determination of the issue presented depends rather upon the construction given to the words "like tax" contained in section 5 of the Act of 1947. This section reads as follows:

"Payment of any tax on salaries, wages, commissions, other compensation or on net profits of businesses, professions or other activities to a political subdivision by residents thereof pursuant to an ordinance or resolution passed or adopted under the authority of this act shall be credited to and allowed as a deduction from the liability of such persons for any other *like tax* respectively on salaries, wages, commissions, other compensation or on net profits of businesses; professions or other activities imposed by any other political subdivision of this Commonwealth under the authority of this act."

The plain meaning of the language used by the legislature in section 5 as applied to the facts of this case is that residents of Neshannock employed within the territorial limits of city shall be given a credit as against city for taxes assessed by Neshannock. Since the tax imposed by both city and Neshannock was at the maximum rate of 10 mills for the years in

question, Neshannock is entitled to the total sum of tax moneys which city has collected from Neshannock's residents.

When enacting section 5, the legislature obviously was concerned about the problem of double taxation of persons living in one political subdivision and working in another. The 1949 amendment is proof of this concern. By reason of this amendment and section 5, all taxpayers living and working within the territorial limits of the Commonwealth of Pennsylvania were protected against double taxation in excess of 10 mills under the Act of 1947, as amended, but persons living in Pennsylvania and working in a foreign State having a like tax were subject to double taxation until the recent 1957 session of the legislature enacted an amendment designed to overcome this injustice.

However, city argues that since the 1949 amendment denied school districts the right to tax nonresidents, that the legislature recognized there were two basically unlike taxes provided for, a tax to support the school systems of the State and a tax to provide for the administration of the municipal affairs of the State. If taxes collected under the Act of 1947, as amended, are unlike by reason of the use to which the tax money is put, then city alone could have hundreds of unlike taxes even though their impact on the taxpayer would be exactly the same. The legislature intended no such absurd result: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552. As we have said, the legislature in enacting section 5 was concerned with the problem of double taxation of individual taxpayers. Accordingly, when the legislature used the words, "like tax", it means "like tax" insofar as the impact upon the taxpayer was concerned. We hold that taxes assessed and collected by city from residents of Neshannock employed within its territorial limits were "like taxes" assessed

and levied by Neshannock upon its residents; both were assessed and collected under the Act of 1947, as amended, upon wages, salaries, commissions and other earned income. Accordingly, city was initially right when it paid to Neshannock the total sum of tax money collected from Neshannock's residents.

*Order*

Now, July 11, 1957, plaintiff's preliminary objection in the nature of a demurrer to defendant's proposed counterclaim is sustained. Defendant's rule to show cause why the School District of the City of New Castle should not be made an additional defendant is discharged.

Now, July 11, 1957, an exception is sealed to the above order for defendant.