## City of Bradford v. Pecora

*Stanley E. Pecora, Jr.*, for appellants.

*Nash & Nash*, for appellee.

MENCER, P. J., February 4, 1966.—Mr. Paul A. Mc-Cauley, City Manager of the City of Bradford, filed a complaint, under oath, on March 17, 1965, before Alderman Carroll H. Clayton, of Bradford, Pa., charging defendants, Richard P. Pecora and Philip A. Pecora, doing business as Pecora Brothers and Super-Duper, with failure to submit payment to the City of Bradford, in accordance with the 1964 occupational privilege tax ordinance enacted by plaintiff on March 27, 1964. On March 26, 1965, after a hearing held by Alderman Clayton, defendants were found guilty of violating the aforesaid ordinance, and a judgment of $330, together with a five percent penalty and six percent interest, or a total judgment of $361.35, was given in favor of plaintiff and against defendants. Defendants then filed a petition for allowance of an appeal from the judgment given by Alderman Clayton, and this court did allow the appeal to be taken. Thereafter, the City of Bradford filed, in the Court of Common Pleas of McKean County, a complaint in assumpsit, to which defendants filed an answer dealing with the same subject matter. This court is uncertain as to the need or purpose of such complaint and answer, in the face of the appeal from the judgment given by Alderman Clayton. However, it was agreed by counsel for both parties that the matter should come before the court for a hearing de novo and, upon presentation of certain agreed upon facts, hearing and argument, this court should rule upon the liability, if any, of defendants under the ordinance in question.

Plaintiff, City of Bradford, is a municipal corporation and a third class city under the laws of the Commonwealth of Pennsylvania. Defendants, Richard P. Pecora and Philip A. Pecora, are individuals trading and doing business as Pecora Brothers and Super-Duper, with a place of business at 200-20 West Washington Street, Bradford, Pa. Defendants are engaged in the conduct of a general grocery business within the corporate limits of the said City of Bradford and, during the calendar year 1964, had 33 employes, which plaintiff claims were subject to the payment of an occupation privilege tax to the City of Bradford, in the amount of $10 for each employe.

Section 4 of the said ordinance provides that each employer within the said city shall be charged with the duty of collecting from each of his employes the sum of $10 per annum, and further provides for the making of a return and payment on the basis of $10 per employe, with payment to be made to the City Treasurer of the City of Bradford.

Defendants did file, within the allowable time period, an occupation tax employer's return, showing that they had 33 employes during the year 1964, but defendants made no payment to the City of Bradford for any tax due under the city occupational privilege tax ordinance.

Defendants made seven distinct and separate attacks upon the ordinance in question. The court has read the cases cited to it and carefully studied the law pertaining to these various challenges to the ordinance, which was passed pursuant to the authority given by the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, hereinafter referred to as Act 481. We now undertake to discuss and consider each of the attacks made upon the ordinance and the court's reasons and authority for rejecting the various contentions advanced by defendants.

1. Does an occupation tax imposed following a so-called wage tax on earned income constitute double taxation?

The courts have distinguished between an occupation and so-called wage tax, and have recognized that the two are different, though perhaps similar. In the cases of Federal Drug Company v. Pittsburgh and The May Department Stores Co. v. Pittsburgh, 358 Pa. 454, 57 A. 2d 849, it was determined that an occupation tax is upon the right or privilege to work or upon one's vocation. In the case of Murray v. Philadelphia, 364 Pa. 157, 71 A. 2d 280, it was recognized that a wage tax is a tax upon the proceeds or fruits of one's work and, in essence, a property tax. The distinction between an income tax and an occupation tax was early recognized in the case of Banger's Appeal, 109 Pa. 79. The conclusion must, therefore, be reached that the occupation tax in question is not invalid on the ground that it constitutes a prohibited double taxation. See Commonwealth v. Philadelphia Electric Company, 312 Pa. 528, 168 Atl. 318; Dole v. Philadelphia, 337 Pa. 375, 11 A. 2d 163; National Biscuit Co. v. Philadelphia, 374 Pa. 604, 98 A. 2d 182; and Glen Alden Coal Company v. Thomas, 165 Pa. Superior Ct. 199, 67 A. 2d 754.

2. Are individuals who are subject to a State tax or license fee exempt from an occupation tax?

The prohibition against double taxation in Act 481 extends also to forbidding local political subdivisions to tax any privilege, transaction, subject or occupation which is subject to a State license fee. A State license fee, within the meaning of Act 481, is one that meets the classic definition set down in Pennsylvania Liquor Control Board v. Publicker Commercial Alcohol Company, 347 Pa. 555, 32 A. 2d 914, as "a charge which is imposed by the sovereign, in the exercise of its police power, upon a person within its jurisdiction for the privilege of performing certain acts and which has for

its purpose the defraying of the expense of the regulation of such acts for the benefit of the general public. . . ."

In the case of National Biscuit Co. v. Philadelphia, supra, the Supreme Court set forth the criteria for determining whether a fee paid to the State is a true license fee. An application of these criteria convinces the court that, in the present case, the occupations called to the attention of this court are ones in which persons pay a nominal annual fee which could best be described as a registration fee, and that they are not instances of a true license fee entitling such persons to exemption under Act 481. See Hay v. City of Johnstown, 85 D. & C. 70.

3. Must an employer withhold an occupation tax from his employes in those cases where no notice of identity of the employes is given by the employer as required by the Act of May 25, 1945, P. L. 1050, 72 PS §5511.20?

This court rejects this argument, for the reason that the Act of December 30, 1959, P. L. 2068, 72 PS §5511.2, excludes or eliminates Act 481 from the provisions of the Act of May 25, 1945, P. L. 1050, 72 PS §5511.20. Therefore, it becomes apparent that since the enactment of 72 PS §5511.2, the contention of defendant concerning the requirements of 72 PS §5511.20 no longer prevails.

4. May the employer become liable for the tax because he fails to withhold the tax from his employes and remit the same to the taxing body?

We think the law is clear that the employer cannot become liable for the tax owed by his employes, but the employer can be required to account for the amount of the tax which it was the employer's duty to withhold from the employe. See City of Philadelphia v. Westinghouse Electric & Manufacturing Company, 55 D. & C. 343. Also see Dole v. Philadelphia, supra, Blauner's,

Inc. v. Philadelphia, 330 Pa. 342, 198 A. 2d 889, and Snyder Township School District, 69 D. & C. 10.

5. Does the occupation tax in question apply to employes engaged in manufacturing?

This court recognizes the restrictions upon a municipality taxing manufacturers on sales, profits or the products manufactured, but we find no legal retrictions as to the imposition of an occupation tax on those workers employed in manufacturing plants. See Isaly Dairy Company v. Pittsburgh, 379 Pa. 108, 108 A. 2d 728; Fischer v. Pittsburgh, 383 Pa. 138, 118 A. 2d 157; Horigan v. City of Pittsburgh, 178 Pa. Superior Ct. 558, 116 A. 2d 228, and Koolvent Aluminum Awning Co. of Pittsburgh v. Pittsburgh, 186 Pa. Superior Ct. 233, 142 A. 2d 428.

6. Are nonresidents employed within the City of Bradford subject to the occupation tax imposed by the ordinance?

This question was answered in the affirmative by the Supreme Court of Pennsylvania in the case of Gaugler v. Allentown, 410 Pa. 315, 189 A. 2d 264. The decision of the Supreme Court in the Gaugler case was reaffirmed and approved in the case of Saulsbury v. Bethlehem Steel Company, 413 Pa. 316, 318, 196 A. 2d 664. In view of these recent and definite pronouncements of the Supreme Court of Pennsylvania on this exact question, this court must conclude that an occupation tax imposed under Act 481 is applicable to nonresidents as well as residents of the municipality imposing the tax.

7. Is the ordinance in violation of article IX, sec. 1, of the Pennsylvania Constitution, for lack of uniformity, for the reason that the regulations enforcing the ordinance provide for refunds for persons under the age of 18 and individuals earning less than $800 per year?

A taxing body cannot accomplish by regulations

what it is forbidden by law to do by the ordinance which authorized the creation of the regulations. In short, the regulations must be considered as an integral part of the ordinance: Allegheny County Motor Company v. Pittsburgh, 360 Pa. 407, 62 A. 2d 64. The provisions in the regulations which provide for refunds to those under the age of 18 engaged in a business or occupation within the City of Bradford for which working papers are not required by law and for any and all individuals earning less than an aggregate of $800 during the calendar year constitute provisions which bring the ordinance into direct conflict with sections 1 and 2 of article IX of the Constitution of Pennsylvania, which requires that "All taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax. . . ." In Kelley v. Kalodner, 320 Pa. 180, 181 Atl. 598, it was held that a statute levying an income tax from which certain individuals were exempt because their incomes did not exceed stated amounts was void, in that it was lacking in uniformity and violated the constitutional rule. See Banger's Appeal, 109 Pa. 79.

If a tax is levied on an occupational privilege, it must apply to all who share the privilege. Part of the class may not be excused, regardless of the motive behind the action. The effect and result of the regulations in question is that the tax is not imposed on all individuals enjoying an occupation within the City of Bradford. It is clearly imposed only on those earning more than $800 a year and on those over the age of 18. This exact question has been before the Supreme Court of Pennsylvania, and has been ruled void under the Constitution of Pennsylvania, article IX, secs. 1 and 2, in the case of Saulsbury v. Bethlehem Steel Company, supra. This court must follow that decision, and we, therefore, conclude that the regulations promulgated by the city manager in regard to refunds are unconstitutional.

However, there is nothing in the record before this court indicating that any of defendants' 33 employes were eligible or could qualify for the refunds provided for in the regulations.

The court is aware of the fact that the ordinance in question has a severability provision. It is true that an ordinance may be partially valid and partially invalid, and that, if the provisions are distinct and not so interwoven as to be inseparable, the court should sustain the valid portions. See Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483; Junge's Appeal (No. 2), 89 Pa. Superior Ct. 548; Commonwealth v. Schaeffer, 98 Pa. Superior Ct. 265; Grisbord v. Phila., 148 Pa. Superior Ct. 91, 24 A. 2d 646; Murray v. Philadelphia, 364 Pa. 157, 71 A. 2d 280.

The ordinance in the present case was imposed on each occupation engaged in by individuals within the corporate limits of the City of Bradford. It made no exemptions and provided for no refunds. The refunds were provided in the regulations promulgated by the city manager, and such regulations were separate and distinct provisions from the levy under section 2 of the ordinance. In determining the severability of an ordinance, the legislative intent is of primary significance. Section 13 of the ordinance reads as follows:

"The provisions of this ordinance are severable and if any of its provisions shall be held invalid or unconstitutional, the decision of the court shall not affect or invalidate any of the remaining provisions. It is hereby declared to be the legislative intent that this ordinance would have been adopted if such illegal, invalid or unconstitutional provision had not been included herein".

It seems clear the municipality did intend that the ordinance be separable. Further, this court concludes that the provisions in the regulations dealing with refunds are capable of separation from the valid provisions of the ordinance, by which the tax is imposed on

all individuals enjoying an occupation within the corporate limits of the City of Bradford. The valid provisions of the ordinance are independent and complete within themselves, and are subject to separation, in fact, from the unconstitutional provisions in the regulations dealing with refunds. This court, therefore, concludes that the ordinance is valid and that the unconstitutional provisions of the regulations are subject to being severed by virtue of section 13 of the ordinance.

The court, for the reasons set forth above, makes the following

ORDER

Now, February 4, 1966, the court, after hearing de novo, submission of briefs, and arguments, and careful consideration, does hereby dismiss the appeal and direct that the prothonotary enter judgment in favor of plaintiff and against defendant in the amount of $330, together with interest from June 15, 1964, and with penalty of five percent of said judgment. Costs to be paid by defendants.

Now, February 4, 1966, exception to the foregoing order is allowed to defendants, and bill sealed.